| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------------X<br>IN RE:<br><br>RICHARD FAGAN<br><br>                                  Debtor(s).<br>-------------------------------------------------------------------X | **Hearing Date and Time:**<br>April 16, 2020 at 9:30am<br><br>Chapter 13<br>Case No.: 19-78473 |

## OBJECTION TO CONFIRMATION OF PLAN

Kevin T. MacTiernan, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

1.      I am an associate with the law firm of Cohn & Roth, LLC, attorneys for U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust (hereinafter "U.S. Bank"), a secured creditor of the Debtor herein, and as such, I am fully familiar with the facts and circumstances set forth herein.

2.      U.S. Bank is a secured creditor of the Debtor by virtue of a Note and Mortgage secured against the Debtor's real property known as 392 Jervis Avenue, Copiague, NY 11726.

3.      The Debtor's Chapter 13 Plan was filed on February 14, 2020 as ECF Doc No 22 (hereinafter, "the Plan").

4.      Pursuant to 11 U.S.C. §1325(a)(1) and (5), the Court may not confirm a Plan which fails to comply with a provision of the Chapter 13 code, has been rejected by the holder of a secured claim, or fails to distribute property of value equal to or greater than the allowed amount of a secured creditor's claim.

5.      As referenced by its filed Proof of Claim, U.S. Bank currently asserts a claim for pre-petition arrears totaling $85,894.68. The Plan does not provide to pay the pre-petition arrears

owed to U.S. Bank. Thus, the Plan fails to satisfy 11 U.S.C. §1322(b)(1) and is not feasible because it does not provide for full payment to U.S. Bank, a secured creditor.

6. Rather than provide for full payment to U.S. Bank of the pre-petition arrears, the Plan references the Debtor's interest in entering into the Court's Loss Mitigation procedure. Through the Loss Mitigation process, the Debtor intends to address the pre-petition arrears with a mortgage modification that would recapitalize all pre-petition arrears into a new principal balance which would create a new post-petition monthly payment. However, the Debtor cannot unilaterally alter the terms of the Mortgage. U.S. Bank will review the Debtor for all available modification programs, but the Debtor cannot dictate the terms. Moreover, in the event loss mitigation is unsuccessful, U.S. Bank would be entitled to payment of all the pre-petition arrears. Finally, if loss mitigation is unsuccessful, the Debtor would still be obligated to tender all post-petition installment payments or the Debtor will continue to be in default of the Note and Mortgage.

7. For the reasons set forth above, the Plan must be denied pursuant to 11 U.S.C. §1325.

Dated: Mineola, New York
       March 4, 2020                         COHN & ROTH, LLC

                                             By: /s/ Kevin T. MacTiernan
                                             Kevin T. MacTiernan
                                             Cohn & Roth, LLC
                                             Attorneys for U.S. Bank
                                             100 East Old Country Road
                                             Mineola, New York 11501
                                             (516) 747-3030

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IN RE:

                                                                            Chapter 13
                                                                            Case No.: 19-78473

       RICHARD FAGAN

                                   Debtor(s).
------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

STATE OF NEW YORK    )
                              )ss.:
COUNTY OF NASSAU    )

        Richvinder Kaur, being duly sworn, certifies and says:

1.    I am over the age of 18 years and reside within Nassau County, New York.

2.    On March 4, 2020, I served the within "Objection to Confirmation of Plan", upon the below listed parties, by depositing a true and correct copy thereof in a properly sealed, first-class postpaid envelope, in a post office box regularly maintained by the U.S. Post Office, addressed as follows:

Richard Fagan
392 Jarvis Avenue
Copiague, NY 11726

*Trustee*
Michael J. Macco
2950 Express Drive South
Suite 109
Islandia, NY 11749

*U.S. Trustee*
United States Trustee
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4437

Btzalel Hirschhorn
Attorney for Debtor
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415

Avi Schild
c/o Atlas Acquisitions LLC
President
294 Union St.
Hackensack, NJ 07601

Dated: March 4, 2020                            /s/ Richvinder Kaur